UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONY LAMAR CARD,<br><br>                Plaintiff,<br>    v.<br><br>DALE BAMFORD, *et al.*,<br><br>                Defendants. | CASE NO. 3:25-cv-05219-TMC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: May 22, 2025 |

       The District Court has referred Plaintiff Tony Lamar Card's pending Application to Proceed *In Forma Pauperis* ("IFP") and Proposed Complaint to United States Magistrate Judge Grady J. Leupold pursuant to Amended General Order 05-25.

       On March 13, 2025, Plaintiff filed a Proposed Complaint and IFP Application, that is, to proceed without paying the filing fee for a civil case. *See* Dkts. 1, 1-1. The IFP Application was referred to the undersigned on March 14, 2025, and, on March 21, 2025, the Court screened Plaintiff's Proposed Complaint and found it was deficient because Plaintiff failed to state a claim upon which relief may be granted. *See* Dkt. 4. In that Order, the Court gave Plaintiff leave to file an amended complaint to cure the deficiencies by April 22, 2025, and re-noted the pending IFP Application. *Id*. The Court warned that failure to file a proposed amended complaint would result in the Court recommending the dismissal of this matter without prejudice. *Id*.

       To date, Plaintiff has not filed an amended complaint. On March 21, 2025, Plaintiff filed a document styled as a "Notice." Dkt. 5. In addition, Plaintiff filed a document styled as a "Claim Against Unlawful Action," (Dkt. 6) on April 23, 2025, and another titled, "Judicial

Notice," (Dkt. 7) on May 1, 2025. Even construing these filings liberally, as the Court must for *pro se* pleadings, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), Plaintiff's filings cannot be fairly construed as an amended complaint given that they neither name any defendants nor assert any claims for relief. Fed. R. Civ. P. 8(a)(2)–(3) ("A pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought[.]").

Because Plaintiff has not filed an amended complaint correcting the deficiencies contained within the Proposed Complaint or otherwise responded to the Court's March 21, 2025, Order, he has failed to prosecute this case. Thus, the Court recommends this case be **DISMISSED without prejudice** and the IFP Application (Dkt. 1) be **DENIED as moot**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 22, 2025**, as noted in the caption.

Dated this 7th day of May, 2025.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2